United States District Court
for the
Southern District of Florida

Parrish Decosta Miller, Jr., Plaintiff, )
)
v. ) Civil Action No. 18-20178-Civ-Scola
)
Matthew Boyd, and others, )
Defendants. )

**<u>Order Denying Motion to Reinstate</u>**

The Plaintiff commenced this action on January 16, 2018 (ECF No. 1), asserting claims under 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment rights by the Defendants. On April 17, 2018, the Court entered an order providing instructions to the Plaintiff, who is proceeding pro se. (ECF No. 6.) In addition, the Court entered an order requiring compliance with Rule 4(m) of the Federal Rules of Civil Procedure, in which it advised the Plaintiff that the service deadline had passed, but giving the Plaintiff the opportunity to demonstrate by April 27, 2018, that the Defendants were timely served or that good cause exists for his failure to timely serve. (ECF No. 7.) The Plaintiff filed no proof of service, nor did he otherwise respond to the Court's order by the applicable deadline. As a result, the Court dismissed this case without prejudice (ECF No. 9.)

The Plaintiff now requests that the Court vacate the dismissal and reinstate or reopen this case, arguing that the Plaintiff timely served the Defendants by certified mail postmarked on April 27, 2018, attaching the return receipts to his motion. (*See* ECF No. 9.) Thus, the Plaintiff argues, he has timely served the Defendants. However, the Plaintiff's argument is flawed in three respects.

First, in this case, the Plaintiff is suing three individuals. According to Rule 4(e) of the Federal Rules of Civil Procedure, an individual within a judicial district in the United States may be served in one of the four following ways; 1) by following state law for service, 2) by delivering a copy of the summons and complaint in person, 3) by leaving a copy at an individual's dwelling, 4) or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(e)(1)-(2)(A)-(C). Service by certified mail does not satisfy any of these methods. *See e.g.*, Fla. Stat. § 48.031. As a result, the Plaintiff has failed to effectuate valid service upon the Defendants in this case.

Second, even if the Plaintiff's method of service were valid, he nevertheless has failed to establish that the attempted service was timely. The deadline to serve the Defendants, as the Court previously noted, was April 16, 2018. *See* Fed.

R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service by made within a specified time."). In the Court's previous order (ECF No. 7), the Court provided the Plaintiff until April 27, 2018 to establish that the Defendants had been timely served (i.e. by April 16, 2018) or to establish that good exists for his failure to timely serve. The Plaintiff did neither, therefore, according to Rule 4(m), the Court properly dismissed this case.

Third, while the Court recognizes that the Plaintiff is proceeding pro se, and is therefore entitled to be held to a more lenient standard, the Court advised the Plaintiff that he nevertheless must comply with the Federal Rules of Civil Procedure and the Local Rules. (*See* ECF No. 6.) Moreover, in granting the Plaintiff's motion for leave to proceed *in forma pauperis*, Judge Torres specifically directed the Plaintiff to serve process on the Defendants in accordance with Rule 4(d). (*See* ECF No. 5.) Notwithstanding the Plaintiff's mistaken understanding of valid methods of service, the Plaintiff has not offered an explanation for why he sought issuance of the summonses in this case more than two months after Judge Torres's order.

As a result, the Plaintiff's motion (**ECF No. 10**) is **denied**. This case shall remain **closed**.

**Done and ordered** at Miami, Florida, on May 21, 2018.

Robert N. Scola, Jr.
United States District Judge